# Hancock *v.* O'Donnell.

*Attachment execution—Garnishee—Distribution — Counsel fees —Assignment of securities.*

Where a person assigns to a trust company a bond and mortgage to secure the payment of certain debts, and provides in the assignment that after the "deduction of all legal and other costs," and payment of the debts, the balance shall be paid to him, and the assignee, after an attachment has been served upon it, sells the mortgage at public auction without legal proceedings being instituted or necessary, the assignee cannot deduct, before payment to the garnishee, a large sum designated as counsel fees in connection with the sale and collection of the collateral pledged, or for advice.

Submitted March 27, 1922.   Appeal, No. 368, Jan. T., 1922, by the Aldine Trust Co., garnishee, from order of C. P. No. 3, Phila. Co., June T., 1920, No. 1321, making absolute rule against garnishee, in case of Frank O. Hancock v. Charles V. O'Donnell and the Aldine Trust Co., garnishee.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SADLER, JJ.   Affirmed.

Rule against garnishee for judgment. Before FERGU-SON, J.

The opinion of the Supreme Court states the facts.

Rule absolute. The Aldine Trust Co., garnishee, appealed.

*Error assigned* was order, quoting it.

*Charles F. DaCosta,* for appellant, cited: Ballingall v. Hunsberger, 16 Pa. Superior Ct. 117.

*Henry Arronson,* with him *Frederick J. Shoyer,* for appellee, cited: Allen v. Bank, 36 Pa. Superior Ct. 73; Ballingall v. Hunsberger, 16 Pa. Superior Ct. 117; De Coursey v. Johnson, 134 Pa. 328; Kaufmann v. Kirker, 22 Pa. Superior Ct. 201; Com. v. Meyer, 170 Pa. 380; Smith v. Trust Co., 215 Pa. 413.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, April 24, 1922:

On March 31, 1920, Charles V. O'Donnell, defendant, executed two promissory notes in favor of the Aldine Trust Co., the garnishee here, one for $8,500, payable August 2, 1920, and the other for $17,500, payable November 30, 1920. The debts so evidenced were secured by an assignment, as collateral, of a bond and mortgage on real estate, from Emanuel Barrick to defendant, for $57,000, subsequently reduced to $55,500.

June 7, 1920, Frank O. Hancock, plaintiff, obtained a judgment against defendant, damages being assessed at $6,058.80; he forthwith issued an attachment sur judgment, summoning the Aldine Trust Company as garnishee. Interrogatories were filed by plaintiff and answered by the trust company; from these answers, it appears that, on October 20, 1920, after default by defendant, the garnishee placed the bond and mortgage, assigned to it as collateral, in the hands of a public auctioneer, who duly sold them for $36,500, and the lat-

ter accounted for this sum, less a fee of $731.50, deducted for services rendered in the sale of the securities. From the amount received, garnishee paid out, to various execution creditors, sums of money set forth by it, leaving $2,880.83 on hand. January 13, 1922, plaintiff ruled garnishee to show cause why judgment should not be entered in his favor for this $2,880.83, with legal interest; the rule was made absolute. Another rule was entered against garnishee for judgment in the sum of $1,600, an amount as to which plaintiff alleged the answers filed were insufficient, the item in question having been deducted by garnishee as counsel fees "charged for collection of said notes and mortgage, and advice upon the sale [thereof], under and by virtue of the authority contained in the......notes......as follows: 'After deducting all legal and other costs, expenses of collection, sale and delivery, to apply the residue of proceeds of such sale or sales so made, to pay any, either or all of said liabilities as the holder thereof may deem proper, returning the overplus to the undersigned.'"

In making absolute the last-mentioned rule, the court below well states: "We are of opinion the sum of $1,600 cannot be withheld by garnishee as a counsel fee. The attachment was laid before the pledged mortgage was sold at auction. It is true the collateral note contained a provision for the deduction of all legal and other expenses, but there is no averment in the answer of any services rendered which could properly be regarded as legal services. The mortgage was sold at auction. A large fee was paid the auctioneer for his services; this was properly deducted. No legal proceedings were instituted, nor were any such necessary. Nothing was done to protect or preserve the security which called for the services of counsel. It is therefore wholly insufficient to set up a charge for services 'in connection with the sale and collection of the collateral pledged' or for advice."

The judgment is affirmed.